**Chancellor WADE, Plaintiff—Appellant,**

v.

**CALIFORNIA DEPARTMENT OF CORRECTIONS; et al., Defendants—Appellees.**

No. 05–15653.

D.C. No. CV–02–01472–GEB.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 17, 2006.

Chancellor Wade, Sacramento, CA, pro se.

Constance Picciano, Office of the California Attorney General (SAC) Depart-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ment of Justice, Sacramento, CA, for Defendants–Appellees.

Before CANBY, BEEZER, and KOZINSKI, Circuit Judges.

### MEMORANDUM**

California state prisoner Chancellor Wade appeals pro se from the district court's judgment dismissing for failure to state a claim his 42 U.S.C. § 1983 action alleging defendants discriminated against him on the basis of his Muslim religion, and retaliated against him for complaining about the discrimination. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir.2001), and we affirm.

The district court properly dismissed Wade's retaliation claims because Wade failed to allege any harm or that that his constitutional rights were chilled in any degree by defendants' retaliatory actions. *See Rhodes v. Robinson,* 408 F.3d 559, 568–69 (9th Cir.2005).

The district court properly dismissed Wade's Title VII claims because his relationship with the Prison Industry Authority ("PIA") was penological not pecuniary, and he was not an employee for Title VII purposes. *See, e.g., Burleson v. State of California,* 83 F.3d 311, 313–14 (9th Cir.1996) (inmate employed by PIA not an employee for purposes of Fair Labor Standards Act).

The district court also properly dismissed Wade's claim that defendants violated California's Fair Employment and Housing Act because he failed to file a verified complaint with the California Department of Fair Employment and Housing. *See* Cal. Govt.Code § 12960(b).

The district court also properly dismissed the claims as to the remaining defendants because Wade's amended complaint failed to allege that the defendants personally participated in the alleged constitutional deprivations. *See Jeffers v. Gomez,* 267 F.3d 895, 915 (9th Cir.2001) (section 1983 supervisory liability arises only upon a showing of personal participation by defendant).

Wade's remaining contentions lack merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

